**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLEN RENEA LEE, | ) Case No. CV 10-9704 JCG |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **ORDER** |
| Defendant. | ) |

**I.**

**INTRODUCTION AND SUMMARY**

On December 20, 2010, plaintiff Ellen Renea Lee ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). [Docket No. 3.]

On July 6, 2011, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 14-16.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed below, there is substantial evidence in the record, taken as a whole, to support the decision of the

1 | Administrative Law Judge ("ALJ").  Thus, the Court affirms the Commissioner's
2 | decision denying benefits.

## II.

## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 51 years old on the date of her administrative hearing, has a high school education and training as a certified nursing assistant. (*See* Administrative Record ("AR") at 20, 25, 151, 160.)

On March 22, 2007, Plaintiff filed for DIB and SSI, alleging that she has been disabled since April 10, 2006 due to infusion surgery of the spine, a herniated disk, arthritis, and sleep disorder. (*See* AR at 59, 105, 107, 151, 155.)

On June 3, 2010, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 20-42.)

On July 26, 2010, the ALJ denied Plaintiff's request for benefits. (AR at 7-15.) Applying the familiar five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (*Id.* at 9.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of chronic pain, obesity, and sleep disorder. (AR at 9.)

At step three, the ALJ determined that the evidence did not demonstrate that Plaintiff's impairments, either individually or in combination, meet or medically equaled the severity of any listing set forth in the Social Security regulations.[1/] (AR at 10.)

The ALJ then assessed Plaintiff's residual functional capacity[2/] ("RFC") and

---

[1/] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2/] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the

determined that she can perform light work, "except that she must limit postural activities to an occasional basis and avoid exposure to workplace hazards such as working at heights and operating dangerous moving machinery." (AR at 10 (emphasis omitted).)

The ALJ found, at step four, that Plaintiff lacks the ability to perform her past relevant work as a certified nurse's assistant. (AR at 14.)

At step five, based on Plaintiff's vocational factors and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (AR at 14 (emphasis omitted).) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 8, 15.)

The ALJ's decision was affirmed by the Decision Review Board. (AR at 1-3.) The ALJ's decision stands as the final decision of the Commissioner.

### III.

### STANDARD OF REVIEW

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a

---

ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

1  preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant
2  evidence which a reasonable person might accept as adequate to support a
3  conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d
4  at 459. To determine whether substantial evidence supports the ALJ's finding, the
5  reviewing court must review the administrative record as a whole, "weighing both
6  the evidence that supports and the evidence that detracts from the ALJ's
7  conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed
8  simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d
9  at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the
10 evidence can reasonably support either affirming or reversing the ALJ's decision,
11 the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.*
12 (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## ISSUE PRESENTED

A single disputed issue is presented here: whether the ALJ properly assessed Plaintiff's credibility. (Joint Stip. at 3-10, 14-20.)

## V.
## DISCUSSION AND ANALYSIS

A.  Plaintiff's Credibility

Plaintiff argues that the ALJ improperly rejected Plaintiff's credibility based on a "blanket statement that the record does not have objective findings and [a conclusion] that since the consultative one time examiner and the state agency say so, [Plaintiff] must not be credible." (Joint Stip. at 7.) Plaintiff contends that "[s]uch rationale is legally insufficient." (*Id.*)

    1.  The ALJ Must Provide "Clear and Convincing" Reasons For Discounting Plaintiff's Credibility

An ALJ can reject a plaintiff's subjective complaint upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so. *Benton*

4

*ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  The ALJ may consider the following factors in weighing a plaintiff's credibility:  (1) his or her reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ did not find evidence of malingering.  (*See generally* AR at 7-15.)  Therefore, the ALJ's reasons for rejecting Plaintiff's credibility must rest on clear and convincing reasons.  *See Benton*, 331 F.3d at 1040.

## 2. The ALJ Properly Rejected Plaintiff's Subjective Complaints

The Court is persuaded that the ALJ provided clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's credibility.  Three reasons guide this determination.

First, the ALJ properly concluded that the objective medical evidence does not support Plaintiff's alleged degree of disability.  (AR at 11, 13.)  The ALJ highlighted that "[n]o treating or examining source has imposed restrictions consistent with [Plaintiff's] allegations" and properly adopted the consultative examiner's RFC determination.  (*Id.* at 13.)  Substantial evidence supports the ALJ's conclusion.  (*See, e.g., id.* at 205 (treating physician note, dated June 21, 2007, reporting that Plaintiff "remains independent with activities of daily living, transfers and mobility" and "has had relief from symptoms after cortisone injections"), 380-81 (consultative examination, dated July 11, 2007, noting Plaintiff "had no difficulty getting on and off the examining table"), 395-99 (complete orthopedic consultation, dated July 15, 2008, indicating that Plaintiff is a "well-developed, well-nourished female in no acute distress" and "has a reciprocal gait pattern with normal heel and toe walking and is able to squat").)  While a lack of objective evidence supporting Plaintiff's symptoms cannot be the sole reason for rejecting Plaintiff's testimony, it can be one

of several factors used in evaluating the credibility of Plaintiff's subjective complaints. *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).

Second, the ALJ properly discounted Plaintiff's subjective complaints based on her non-compliance with her treating physicians' prescribed course of treatment. (AR at 13); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (failure to seek treatment or follow a prescribed course of treatment can cast doubt on sincerity of claimant's pain testimony). For instance, the ALJ noted that Plaintiff "missed 11 physical therapy sessions[.]" (AR at 13; *see, e.g., id.* at 423 (physical therapy progress report stating that Plaintiff "has attended 17 therapy treatments and missed 11 appointments"); *see also id.* at 290-91 (physical therapy discharge note, dated January 12, 2007, reporting physical therapist had "repeatedly instructed [patient] in use of towel roll in pillow case at night w/ pillow in order to provide appropriate cervical support," but that it "appeared to this clinician that patient was not consistently using this technique at home").)

Nor has Plaintiff provided an acceptable reason for not following the prescribed course of treatment. *See Bubion v. Barnhart*, 224 Fed.Appx. 601, 604 (9th Cir. 2007) (ALJ properly discounted plaintiff's credibility based on failure to follow prescribed treatment of physical therapy and plaintiff did not provide an acceptable reason for not following prescribed course of treatment); *see also* 20 C.F.R. § 404.1530(c). Plaintiff contends that her "difficulty driving . . . may have been the issue," and that subsequent to a "failed surgery in April 2006," "physical therapy notes do not indicate any prolonged improvement overall." (Joint Stip. at 16, 18.) Plaintiff's contentions are not well taken. The Court has reviewed the record and none of the treatment notes from Plaintiff's physical therapy sessions indicate that she missed her appointments due to difficulty driving. (*See generally* AR at 423-31.) In fact, the treatment notes indicate that Plaintiff expressed a desire to "continue physical therapy." (*Id.* at 423 (summary report, dated May 27, 2009, indicating Plaintiff "would like to continue physical therapy").)

1    Further, while Plaintiff justifies her non-compliance by alleging she did not
2  experience improvement from therapy, her treating physicians repeatedly prescribed
3  physical therapy and reported, *albeit* sometimes modest, improvement from therapy
4  both before *and after* she had surgery in 2006.  (*See, e.g.,* AR at 285 (physical
5  therapy summary, dated September 20, 2006, stating that Plaintiff was "improving at
6  time of last visit" and her goal to "increase cervical rotations to 45-50 [degrees]"
7  "had been met at last visit on 7/21/06"), 292-293 (physical therapy initial evaluation,
8  dated July 6, 2007, reporting Plaintiff "should respond well to [physical therapy]
9  intervention to improve strength").)  Post surgery, Plaintiff *herself* reported "mild
10 improvement with decreased frequency of pain" and her therapist reported that
11 Plaintiff's "potential for rehabilitation is good *if* she continues to be compliant with
12 her therapy program."  (*Id.* at 423-24 (emphasis added), 425.)
13   Finally, the Court concludes that the ALJ improperly discounted Plaintiff's
14 subjective complaints based on the fact that Plaintiff was non-compliant with her
15 sleep apnea treatment.  (Joint Stip. at 15; *see also* AR at 12 (ALJ stating Plaintiff
16 was "not completely compliant with continuous positive airway pressure
17 treatment").)  In a treatment note, dated September 28, 2006, treating physician
18 Mustapha Kemal, M.D. ("Dr. Kemal") found Plaintiff "is not completely compliant
19 with continuous positive airway treatment."  (AR at 220.)  While Dr. Kemal did not
20 specify the reason for Plaintiff's non-compliance, other treatment notes suggest
21 Plaintiff had difficulty with wearing a mask related to her treatment, (*see, e.g., id.* at
22 209-10), and her non-compliance was unintentional.
23   Nevertheless, the Court finds that the ALJ's reliance on this reason was
24 harmless error.  *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195-97 (9th
25 Cir. 2004) (concluding that the ALJ erred in relying on one of several reasons in
26 support of an adverse credibility determination, but finding error harmless, because
27 the ALJ's remaining reasoning and ultimate credibility determination were
28 adequately supported by substantial evidence in the record).  "So long as there

remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such is deemed harmless and does not warrant reversal." *Carmickle*, 533 F.3d at 1162 (internal quotation marks, alterations and citation omitted).

On this record, the ALJ's error does not "negate the validity" of her ultimate credibility finding and the ALJ's decision remains "legally valid, despite such error." *See Carmickle*, 533 F.3d at 1162 (internal quotation marks and citation omitted). As noted above, the ALJ's findings relating to Plaintiff's subjective complaints and her ability to perform vocational functions are supported by substantial evidence and they demonstrate that, to the extent the ALJ discounted Plaintiff's credibility, the ALJ did not do so arbitrarily. *See Rollins*, 261 F.3d at 856-57.

Thus, the ALJ provided legally sufficient reasons supported by substantial evidence for discounting Plaintiff's subjective complaints of pain.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: September 29, 2011        _____
                                          Hon. Jay C. Gandhi
                                      United States Magistrate Judge